UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GOLD CANYON MINING AND CONSTRUCTION, LLC, a Delaware Limited Liability Company,<br><br>        Plaintiff,<br><br> v.<br><br>ROBINSON NEVADA MINING COMPANY, a Nevada Corporation,<br><br>        Defendants. | 3:11-cv-00095-LRH-VPC<br><br>ORDER |

Before the court is Defendant Robinson Nevada Mining Company's motion to dismiss for improper venue (#8[1]). Plaintiff Gold Canyon Mining and Construction, LLC, filed an opposition (#11), to which Defendant replied (#15).

This is a breach of contract action arising out of a mining project in the City of Ruth, White Pine County, Nevada. On February 9, 2011, Plaintiff filed its complaint, invoking this court's diversity jurisdiction. Plaintiff is a Delaware corporation with its principal place of business in Arizona, while Defendant is a Nevada corporation with its principal place of business in Ruth, White Pine County, Nevada.

On March 3, 2011, Defendant filed the instant motion to dismiss on the basis of a forum

---

[1] Refers to the court's docket entry number.

selection clause in the parties' written contract.  Section 8.0 of the contract states in full:

> Notwithstanding any other provision of this Agreement, any dispute concerning any questions of fact or law arising under this Agreement which is not disposed of by agreement between "Contractor" and "Robinson" <u>shall be decided by a court of competent jurisdiction in Ely, Nevada</u>, in accordance with the laws of the State of Nevada, excluding its conflicts of law principles.

(Doc. #8, Exh. A, p. 7 (emphasis added).)  Defendant contends that the clause mandates venue in a court physically located in Ely, Nevada, and as this federal court is located in Reno, Nevada, the action must be dismissed.  Plaintiff counters that venue is proper in this court as a court with competent jurisdiction in Ely, Nevada.

      A forum selection clause is grounds for a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3).  *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).  In diversity cases, federal law governs both the enforcement and interpretation of contractual forum selection clauses.  *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988).  "A contractual forum selection clause is 'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances.'" *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 763 (9th Cir. 1989) (quoting *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 10 (1972)).  Here, Plaintiff does not contend the clause is unenforceable.  Accordingly, the sole issues before the court is whether the forum selection clause is properly interpreted as mandating venue in a court physically located in Ely, Nevada, or permitting venue in this United States District Court for the District of Nevada, which is located in Reno, Nevada, but has jurisdiction over Ely, Nevada.

      The court concludes that the clause—providing that any dispute arising under the contract "shall be decided by a court of competent jurisdiction in Ely, Nevada,"—is mandatory as to venue, rather than permissive, and indicates a clear intent that any action on the contract be brought and litigated in Ely, Nevada.  Furthermore, because there is no federal courthouse located in Ely, Nevada, the clause effectively mandates a state court forum.  This result is compelled by case law

1  within and outside the Ninth Circuit interpreting clauses with similar language—particularly with
2  the sentence structure that an action "shall" be litigated or decided "in" a specific location.  *See*
3  *Docksider*, 875 F.2d at 763-64 (clause stating that "[v]enue of any action brought hereunder shall
4  be deemed to be in Gloucester County, Virginia" was "mandatory" and "clearly designated the state
5  court in Gloucester County, Virginia, as the exclusive forum"); *see also Yakin v. Tyler Hill Corp.*,
6  566 F.3d 72, 76 (2d Cir. 2009) (clause stating that "the venue and place of trial . . . shall be in
7  Nassau County, New York" was "obligatory venue language" that did not necessarily preclude a
8  federal forum but effectively required a state court forum because the federal courthouse in Nassau
9  County had closed); *Alliance Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397,
10 399-400 (5th Cir. 2008) (clause stating that "exclusive venue for any litigation related hereto shall
11 occur in Harrison County, Mississippi" mandated venue "*in* Harrison County" but "in either federal
12 or state court, because a federal courthouse is located in that county"; also distinguishing cases
13 where no federal courthouse existed in the designated location); *Excell, Inc. v. Sterling Boiler &*
14 *Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997) (clause stating that "venue shall lie in the County
15 of El Paso, Colorado" was "mandatory and requires that any breach of contract action be brought
16 and litigated in the [state court] of El Paso County, Colorado").

17         Plaintiff's reliance on *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75 (9th Cir.
18 1987), is misplaced.  There, the court found that a clause which stated that courts in Orange
19 County, California, "shall have jurisdiction" over any contract disputes was permissive and thus
20 non-exclusive.  *Id.* at 76.  But the court expressly distinguished forum selection clauses with the
21 sentence structure presented in this case—"shall be litigated only in the [a specific court]" or "shall
22 be brought in [a specific city or county]"—and found that such language was mandatory and
23 designated an exclusive forum or venue.  *Id.* at 77-78.  Accordingly, in *Docksider*, the Ninth Circuit
24 adhered to this interpretation and expressly distinguished the facts of *Hunt Wesson* from cases
25 involving forum selection clauses that contain mandatory language ("shall be deemed to be") and
26

3

1  designate a specific venue ("in Gloucester County, Virginia").  *Docksider*, 875 F.2d at 764.  "This
2  mandatory language makes clear that venue, the place of suit, lies exclusively in the designated
3  [location].  Thus, whether or not [other courts] might otherwise have jurisdiction over actions
4  stemming from the agreement, all actions must be filed and prosecuted in [the designated
5  location]." *Id.*

6  In Plaintiff's view, "[t]he issue before this Court is whether the state [c]ourt in White Pine
7  County, Nevada is the *exclusive* forum under which this case may be considered because of the
8  forum selection clause, or whether this Court, the United States District Court, District of Nevada,
9  Reno Division, is also a 'court of competent jurisdiction in Ely, Nevada.'"  (Opposition (#11), p.
10 4.)  Focusing on jurisdictional considerations, Plaintiff goes on to argue that both state and federal
11 courts have subject-matter jurisdiction over this action, thus rendering them both courts of
12 "competent jurisdiction," and that the clause "says nothing about the state courts in Ely, Nevada
13 having exclusive jurisdiction."  (Opposition (#11), pp. 4, 6.)  As in *Yakin*, however, Plaintiff's
14 jurisdictional argument "misses the point."  566 F.3d at 76.

15 The determinative factor in this case is venue (*i.e.*, location), not jurisdiction.  Because the
16 plain language of the forum selection clause indicates a clear intent that any disputes on the
17 contract be decided "in Ely, Nevada" and no federal court is located there, it is beside the point that
18 Ely is within this court's "competent jurisdiction" and that the clause makes no specific mention of
19 either state or federal courts.  *See Docksider*, 875 F.2d at 764; *Yakin*, 566 F.3d at 76.  "A forum
20 selection clause may bind parties to either a specific jurisdiction or, as here, a specific venue."
21 *Yakin*, 566 F.3d at 76.  Because the clause here "merely contains obligatory venue language," if
22 there were a federal courthouse located in Ely, Nevada, a federal forum may well be appropriate.
23 *See id.* ("Had there been a federal court located in Nassau County at the time of this litigation,
24 remand would have been improper."); *Alliance Health*, 553 F.3d at 399-400 ("exclusive venue . . .
25 shall occur in Harrison County, Mississippi" permitted venue in federal court were a federal
26

courthouse was located in the designated county); *but see Excell*, 106 F.3d at 321 (construing "venue shall lie in the County of El Paso, Colorado" as designating exclusive state jurisdiction because "[f]or federal purposes, venue is not stated in terms of 'counties'"). But on these facts, this court need not decide that question. Although this federal court is "a court of competent jurisdiction," it is not "in Ely, Nevada," as the clause additionally requires. Venue in this court is therefore improper, and the action must be dismissed under Rule 12(b)(3).

IT IS THEREFORE ORDERED that Defendant Robinson Nevada Mining Company's Motion to Dismiss (#8) is GRANTED. The action is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this 19th day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE